UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ROBERT PIETRI,

                         Plaintiff,                  **ORDER**
                                                                         11-CV-3205 (MKB)
           v.

N.Y.S. OFFICE OF COURT ADMINISTRATION,
JAMES IMPERATRICE and ANN PFAU,

                        Defendants.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiff Robert Pietri commenced the above-captioned action *pro se* on July 5, 2011. On March 28, 2013, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Pietri v. N.Y.S. Office of Court Admin.*, No. 11-CV-3205, 2013 WL 1312002 (E.D.N.Y. March 28, 2012). The Court granted Defendants' motion to dismiss Plaintiff's claims pursuant to the Americans with Disabilities Act against all Defendants, 42 U.S.C. § 1983 claims against the New York State Office of Court Administration ("OCA") and Herbert Adlerberg, § 1983 claims against James Imperatrice ("Imperatrice") and Ann Pfau ("Pfau") in their official capacities, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") claims against Imperatrice, Pfau and Adlerberg. *See Pietri*, 2013 WL 1312002, at *1. The Court denied Defendants' motion to dismiss Plaintiff's § 1983 claims against Imperatrice and Pfau in their individual capacities and Title VII claims against OCA. *Id.* The Court gave Plaintiff the opportunity to amend his Complaint within 30 days of the Court's March 28, 2013 decision. *Id.* at *17. Plaintiff failed to amend the complaint. On October 7, 2013, the Court directed Plaintiff

to show cause why this case should not be dismissed in its entirety for all the reasons set forth in the Court's March 28, 2013 decision. Plaintiff failed to respond to the Court's order to show cause.

In its Memorandum and Order granting in part and denying in part Defendants' motion to dismiss, the Court found that Plaintiff had failed to "sufficiently allege that Imperatrice and Pfau personally violated his constitutional rights" and informed Plaintiff that "[i]n his Amended Complaint, Plaintiff must specify the facts he alleges show that Imperatrice and Pfau acted to deprive him of constitutional rights." *Pietri*, 2013 WL 1312002, at *1. The Court found that Plaintiff's Title VII discrimination claim "relating to events that took place before May 23, 2009" were time-barred. *Id.* at *9. The Court allowed Plaintiff to "amend his Complaint to set forth, in greater detail, how his mental health issues impaired his ability to timely file his Title VII claim," and to provide facts showing that "he was unaware of his cause of action *because* of Defendant's misleading conduct," *id.*, in order to support a claim for equitable tolling of the statute of limitations. The Court also found that Plaintiff failed to state a valid Title VII retaliation claim but allowed Plaintiff "to amend his Complaint to add any direct evidence of the actions he alleges were motivated by retaliation." *Id.* at *16. Finally, the Court found that Plaintiff did not sufficiently plead a Title VII hostile work environment claim but granted him leave to amend his Complaint to "assert a separate claim that Defendants created a hostile work environment on account of his race or national origin." *Id.*

Although the Court specifically identified the allegations required to survive a motion to dismiss and gave Plaintiff additional time to amend his Complaint, Plaintiff failed to file an amended complaint. Nor did Plaintiff respond to the Court's subsequent order to show cause. Indeed, the Court has not received any correspondence from Plaintiff since its decision on

March 28, 2013. Because of Plaintiff's failure to file an amended complaint, the Court dismisses Plaintiff's Complaint in its entirety.

        SO ORDERED:

        s/MKB

        _____
        MARGO K. BRODIE
        United States District Judge

Dated: December 11, 2013
       Brooklyn, New York